## THE STATE v. CHARLES ERRICKSON.

1. An indictment for a negligent escape will lie only against those officers or persons upon whom the law imposes the obligation of safe custody, and will not lie against the mere servants of such officers.

2. A prisoner having escaped from a county jail through the negligence of a servant employed, *pro hac vice*, as a watchman—*held*, that such servant was not thereby guilty of the crime of a negligent escape.

This case came to this court for its advisory opinion, from the Oyer and Terminer of the county of Monmouth.

The defendant was indicted and convicted for a negligent escape. It appeared upon the trial, that one Jackson, who had been convicted of grand larceny, escaped from the county jail, to which he had been legally committed ; that the defendant had been employed by the sheriff to watch this criminal at night ; that one Mrs. Smalley was the keeper of the jail, and that she kept the keys of the cell doors in her own room. Another prisoner, Tienny, escaped with Jackson. The cell door of Jackson was found, in the morning, unlocked. The defendant had the keys of the outside door of the jail. The prisoner was locked up by the jailer. The defendant, about twelve o'clock at night, lay down on a bench, near the stove, in the jail, outside of the cells, and there fell asleep. The next morning, just after daylight, it was discovered that Jackson had got out, by unlocking both his cell door and the outside door of the jail. The defendant was not an officer of the prison, being employed, for the occasion, to watch Jackson at night. It was admitted that the evidence showed that the escape was not with his connivance.

The case was argued before BEASLEY, C. J., and Justices VREDENBURGH and DEPUE.

For the state, *A. McLean.*

For the defendant, *J. Parker.*

The opinion of the court was delivered by

BEASLEY, C. J. As it appears that the criminal who escaped was not in the custody of the defendant, the latter could not be guilty of the crime of which he has been convicted. The offence of suffering by negligence, a prisoner to escape, is one which can be committed only by the person in whose charge the law places the criminal. This rule is reasonable, for such person alone has the control of the imprisonment, and can thus take the measures necessary to prevent the escape of the prisoner. Going, then, upon the facts as stated in the case, it is clear that on the occasion in question, the sheriff and the keeper of the jail were each guilty of a negligent escape. The prisoner was in their custody, and they are responsible in law for the negligence of the defendant, who was their agent. It is also equally certain that such agent could not commit this offence. The books do not leave this rule of the law in any uncertainty. In 1 *Russ. on Crimes, p.* 420, the doctrine is stated in these words: "But it seems that an indictment for a negligent escape will only lie against those officers upon whom the law casts the obligation of safe custody and will not lie against the mere servants of such officer." And in the second volume of *Burn's Justice,* edited by Chitty, page 6, two cases, which are in point, are thus referred to : " T. Hill, a yeoman wardour of the tower, and Dod, the gentleman gaoler there, were indicted for the negligent escape of Colonel Parker, committed to the tower for high treason. Lord Lucas, the constable of the tower, had committed the colonel to the care of the defendants, to be kept in the house of the defendant Hill. The judges present (O. B., January, 1694,) were of opinion that the defendants were not such officers as the law took notice of, and, therefore, could not be guilty of a negligent escape. It was merely a breach of trust to Lord

Lucas, their master.  Upon the same principle, T. Stick, a wardour of the tower, who was indicted at the same sessions for the negligent escape of Lord Clancarty, was acquitted."

For a recognition of the same principle, see, also, *Bishop on Crim. L., vol. II.*, § 922.

Let the Oyer, &c., be advised to grant a new trial.